

# THE ATTORNEY GENERAL
## OF TEXAS

January 9, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Bob Bullock
Comptroller of Public
   Accounts
L.B.J. State Office Bldg.
Austin, Texas   78774

Opinion No. JM-1003

Re: Whether foreign-produced or foreign-acquired alcohol quali- fies for a credit claimed by a distributor on a gasoline/ alcohol mixture under section 153.123 of the Tax Code and re- lated questions (RQ-1509)

Dear Mr. Bullock:

Chapter 153 of the Tax Code governs state taxes on motor fuels; subchapter B of chapter 153 sets forth the provisions regarding the tax on gasoline. Section 153.123 of the code confers a tax credit on distributors of certain gasoline/alcohol mixtures, as defined in the section, and contains a reciprocity provision, which denies the tax credit to distributors of gasoline/alcohol mixtures contain- ing alcohol fermented or distilled in states not conferring equivalent tax benefits to distributors whose mixtures contain Texas-produced alcohol.

First, you ask about the proper construction of section 153.123, specifically whether your long-standing construc- tion of subsection (b) is correct, which denies the credit to distributors of gasoline/alcohol mixtures whose alcohol is fermented or distilled in foreign countries. Second, you ask whether the reciprocity provision set out in subsection (b)(4) of the section is constitutional under the rule of the recent United States Supreme Court decision, New Energy Co. of Indiana v. Limbach, Tax Comm'r of Ohio, 108 S.Ct. 1803 (1988) [hereinafter New Energy].

We conclude that a court addressing this issue would follow the rule in New Energy and would hold that the reciprocity provision set forth in subsection (b)(4) of section 153.123 violates the interstate commerce clause of the United States Constitution. Because of our answer to your second question, we need not address your first question.

Subsection (a) of section 153.123 of the Tax Code permits the granting of a tax credit to distributors of every gasoline and alcohol mixture that meets the specifications of subsection (e), except as provided in subsection (b). Subsection (b)(4) sets forth a reciprocity clause, limiting the grant of such tax credits to distributors of a mixture containing alcohol fermented or distilled "in another state" that itself provides an equivalent tax benefit for mixtures containing alcohol fermented or distilled in Texas. Subsection (b)(4) of section 153.123 of the Tax Code provides the following:

> (4) Except as provided in this subdivision, no mixture that contains alcohol that was _fermented or distilled in another state_ is eligible for a credit on its first sale or use in the state. If the comptroller certifies that _another state_ provides an exemption from that state's taxes applicable to gasoline or a credit or refund for taxes collected or an amount in lieu of taxes collected on a mixture of gasoline and alcohol, and if _the other state's exemption, credit, or refund allowance_ applies to a mixture that includes alcohol fermented or distilled in Texas, and if the alcohol _fermented or distilled in the other state_ meets the specifications provided by Subdivisions (1), (2), and (3) of Subsection (e) of this section, then the specifications for the mixture for which credits shall be made shall include . . . alcohol _fermented and distilled in the other state or in Texas and the other state_. However, if a mixture of alcohol _fermented or distilled in another state_ and gasoline qualifies under this subsection for a credit, the amount of the credit under this section for the mixture may not exceed the amount of the exemption, credit, or refund (stated in or converted to cents for each gallon of the mixture) provided _by the state in which the alcohol was fermented or distilled_. (Emphasis added.)

You ask:

> Does Texas Tax Code Section 153.123(b)(4) violate the Commerce Clause of the Constitution of the United States?

We answer your question in the affirmative.

This year, in a case involving a state ethanol tax credit statute containing a reciprocity provision substantively identical to that contained in subsection 153.123 (b)(4) of the Tax Code, the United States Supreme Court held that an Ohio ethanol tax credit provision violated the interstate commerce clause of the United States Constitution and was therefore unconstitutional.

In New Energy, the following reciprocity provision, which was set forth in an Ohio tax statute conferring tax benefits in certain circumstances, was challenged:

> The qualified fuel otherwise eligible for the qualified fuel credit shall not contain ethanol produced outside Ohio unless the tax commissioner determines that the fuel claimed to be eligible for credit contains ethanol produced in a state that also grants an exemption, credit or refund from such state's motor vehicle fuel excise tax or sales tax for similar fuel containing ethanol produced in Ohio; provided however, that such credit shall not exceed the amount of the credit allowable for qualified fuel containing ethanol produced in Ohio.

OHIO REV. CODE ANN. § 5735.145(B) (1987).

The Court concluded that the Ohio statute violated the interstate commerce clause of the U.S. Constitution:

> It has long been accepted that the Commerce Clause not only grants Congress the authority to regulate commerce among the States, but also directly limits the power of the States to discriminate against interstate commerce. This "negative" aspect of the Commerce Clause prohibits economic protectionism -- that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors. Thus, state statutes that clearly discriminate against interstate commerce are routinely struck down, unless the discrimination is demonstrably justified by a valid factor unrelated to economic protectionism. (Citations omitted.)

New Energy, supra at 1807.   The Court concluded that   there was no such valid factor in this instance:

> Our cases leave open the possibility   that a State may validate a statute that   discriminates against interstate commerce by showing that it advances   a legitimate local   purpose that cannot be   adequately served by   reasonable nondiscriminatory alternatives.   This is perhaps just another way of saying that   what may appear to be a "discriminatory" provision in the constitutionally   prohibited sense   -- that is, a protectionist enactment -- may   on closer analysis   not be   so.   However   it   be put, the standards for such justification are high.[1]

Id. at 1810.   The United States   Supreme Court decision   in New Energy was   both   anticipated, see, e.g.,   Miller   v. Publisher Indus., Inc., 457   So.2d 1374 (Fla. 1984);   Archer Daniels Midland Co. v. State   ex rel. Allen, 315 N.W.2d   597 (Minn. 1982), and, of course, has been followed.   See, e.g., Russell Stewart Oil Co. v. State of Illinois, 529 N.E.2d 484 (Ill. 1988).

We conclude that, on the   basis of New Energy, a   court presented with   the   issue   would conclude   that   the   Texas reciprocity   provision   of   subsection   (b)(4)   of   section 153.123 of   the   Tax Code   unconstitutionally   violates   the interstate commerce clause   of the   United States   Constitution.   Because   of a   1983   amendment including   a   specific non-severability   provision   which   has   the   effect   of invalidating the   entire   statute   if any   part   thereof   is declared unconstitutional,[2] we need   not address your   first question.

---

1.   The Court relied upon   two fairly recent cases   as precedent:   Philadelphia v.   New Jersey, 437   U.S.   617,   624 (1978)   ("[W]here simple   economic protectionism is   effected by state legislation, a virtually per se rule of   invalidity has been erected.")   and Hughes v.   Oklahoma, 441 U.S.   322, 337 (1979)("[F]acial discrimination by itself may be a fatal defect [and]   [a]t   a   minimum . . . invokes   the   strictest scrutiny.")

2.   Subsection (b)(5) of section 153.123 declares:

(Footnote Continued)

## S U M M A R Y

Under the rule set out in <u>New Energy Co. of Ind. v. Limbach</u>, 108 S.Ct. 1803 (1988), we conclude that a court would hold that the tax credit reciprocity provision set forth in subsection (b)(4) of section 153.123, Tax Code, violates the interstate commerce clause of the United States Constitution and is unconstitutional.

---

(Footnote Continued)

The provisions of Section 153.123, Tax Code, are not severable. If any portion of Section 153.123, Tax Code, is held to be unlawful or unconstitutional, the entire section shall have no force and effect.

Acts 1983, 68th Leg., ch. 287, § 1, at 1425. A close reading of the statutory supplement to Volume 2 of the Tax Code published by West Publishing Company would lead one to assume that subsection (b)(5) was impliedly repealed by the 1987 amendments to the section. However, such was not the case. The specific nonseverability provision in section 153.123 was included as subdivision (5) of subsection (b) in 1983. Acts 1983, 68th Leg., ch. 287, § 1, at 1428. Subsection (b) was next amended in 1987, when Senate Bill No. 522 amended subdivisions (1) through (4) of that subsection. However, subdivision (5) was not amended; it remains unchanged from its original enactment. Acts 1987, 70th Leg., ch. 552, § 2, at 2216. If the language introducing the 1987 amendatory provisions had read: "Subsection (b), Section 153.123, Tax Code, as amended, is amended to read . . .," we would agree with the editors of West Publishing Company that the 1987 amendment to subsection (b) effectively replaced the entire subsection. Instead, the language reads: "Subdivisions (1), (2), (3), and (4), Subsection (b), Section 153.123, Tax Code, as amended, are amended to read . . . ." We have found nothing in the legislative history of the 1987 amendment indicating that the legislature intended to repeal subdivision (5) of subsection (b).

Very truly yours

**J I M   M A T T O X**
**Attorney General of Texas**

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General